IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CARDALE NEILUS SMITH**                                    **PETITIONER**

**vs.**                                **CIVIL ACTION NO.: 3:13cv117-SA-DAS**

**CHRISTOPHER EPPS, et al.**                                      **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Petitioner, Cardale Neilus Smith, an inmate currently confined at the Wilkerson County Correctional Facility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks to challenge his State court conviction and sentence for the crime of burglary of a building other than a dwelling. Pending before the Court are Respondents' motion to dismiss the federal habeas petition pending in this action, and Petitioner's motion for judgment as a matter of law. Having considered the parties' filings and the applicable law, the Court grants Respondents' motion and dismisses the petition for the following reasons.

### Background

Smith maintains that he pleaded guilty to the crime of burglary of a building other than a dwelling in the Circuit Court of Panola County, Mississippi, and was sentenced on December 10, 2010, to a term of seven years in the custody of the Mississippi Department of Corrections ("MDOC"). Smith's seven-year sentence was ordered to run concurrently with a six-year sentence he was already serving in another case. (*See* ECF no. 1, pp. 1 and 19). In the instant petition, Smith maintains that MDOC has failed to run his burglary sentence concurrently with his sentence in his other case; that he has not been given the appropriate amount of jail time credit; and that he has suffered physical injury because of prison officials' failure to protect him.

He contends that he should have already been released from prison, but that MDOC officials failed to credit him with 255 days of time he spent incarcerated as a pretrial detainee. Smith concedes that he filed his federal habeas petition on or about April 30, 2013, without first seeking post-conviction relief in State court.

### Exhaustion

A prisoner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a prisoner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 157, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Smith concedes that he has not sought any State court review of his conviction and sentence, arguing in his motion for judgment as a matter of law that "this is a high profile federal issue [that] makes the [filing for post-conviction relief] automatically irrelevant," and that the actions of the Mississippi Department of Corrections have left the State courts without jurisdiction. (*See* ECF no. 7, p.2). The Court finds that Smith has failed to exhaust his available State remedies through the Mississippi Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-5(1) (providing avenue for inmate to bring a challenge "[t]hat the conviction or the

sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi"); *see also* § 99-39-5(2) ("A motion for relief under this chapter shall be made . . . [I]n case of a guilty plea, within three (3) years after the entry of the judgment of conviction."). Since Smith clearly concedes that he has not pursued his claims in State court, this petition will be dismissed without prejudice for Smith's failure to exhaust his available State remedies.

The Court also notes that, to the extent Smith argues that he is entitled to money damages as a result of prison officials' failure to protect him from harm, such relief is not available in a federal habeas action. Smith will need to file a complaint pursuant to 42 U.S.C. § 1983 to pursue such a claim.

Accordingly, Respondents' motion to dismiss the instant petition [ ECF no. 6] is **GRANTED**, Smith's motion for judgment as a matter of law [ ECF no. 7] is **DENIED**, and the instant petition is **DISMISSED WITHOUT PREJUDICE**. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED** this the 30th July, 2013.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**